IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ERIC L. KITCHENS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11cv198 |
| JOHN BECRAFT, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Eric Kitchens, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 26, 2011, the Magistrate Judge ordered Kitchens to pay the filing fee of $350.00 or furnish an application for leave to proceed *in forma pauperis* that was accompanied by a certified *in forma pauperis* data sheet, as required by 28 U.S.C. §1915(b). Kitchens did not comply with this order, but instead filed a "response."

In this response, Kitchens argued that no fees could be charged for seeking redress of grievances, and so in charging a fee, the Court was in violation of the First Amendment as well as an 1867 Supreme Court decision called Crandall v. Nevada. He then launched into a series of patently baseless arguments, including the contentions that there is no lawful money for the payment of debts because of the "national bankruptcy of 1933" and the abolition of the gold standard, a "secret state of war" exists between the "Federal United States," which is a "federal corporation," and the people of the several States, and Federal Reserve Notes are not legal tender. He hand-wrote on the Magistrate Judge's order language purporting to be an "acceptance for value," and returned

1

it with a "command" for "immediate adjustment, settlement, closures, and delivery to me." He signed this as a "secured creditor" and stated that his "fees" were $2000.00 per hour for any service or product, with a $500.00 per day penalty for failure to settle and close, and a $500,000.00 fine for "trespassing."

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to prosecute or to obey an order of the Court. The Magistrate Judge determined that Kitchens had failed to show a valid reason for not paying the filing fee or filing an application for leave to proceed *in forma pauperis* which was accompanied by a properly certified data sheet, and therefore recommended that the lawsuit be dismissed without prejudice.

Kitchens filed objections to the Magistrate Judge's Report on July 6, 2011. In his objections, Kitchens says that the Supreme Court has determined that "all codes, rules, and regulations are for government authorities only, and not human/Creators in accordance with God's laws. All codes, rules and regulations are unconstitutional and lacking due process." He cites a case called Rodriguez v. Donovan, 769 F.2d 1344, 1348 (9th Cir. 1985); however, that case concerns whether or not the exhaustion of administrative remedies under the Federal Employees Compensation Act is a jurisdictional requirement, and has no bearing whatsoever on Kitchens' claims.

Next, Kitchens contends that the United States is a "corporation" and thus has no sovereign authority. He says that the supreme law of the land is the "Constitution for the united States, and not the Constitution of the United States as appears in Title 28 U.S.C." Kitchens fails to explain the difference; the "Constitution of the United States" used by this Court and all other federal courts is the same one, as amended, which was adopted on September 17, 1787, by the Constitutional Convention and ratified on June 21, 1788. This contention is without merit.

Kitchens states that he only deals in "lawful money of the Constitution for the united States," which is gold or silver coin of specific fineness and weight, and the "lawful jurisdiction of a *de jure* common law court under the American flag of peace, and not the Vice Admiralty Court, military jurisdiction, which the Magistrate is treasonously imposing." The Constitution gives Congress the

power to coin money, in Article I, sec., 8, clause 5, and Congress has declared that U.S. coins and currency, including Federal Reserve notes, are legal tender for all debts, public charges, taxes, and dues. 31 U.S.C. §5103. Kitchens' contention that the U.S. District Court for the Eastern District of Texas is a "vice admiralty court" which exercises "military jurisdiction" is patently frivolous and has been rejected in every forum in which it has been raised. *See, e.g.*, Larson v. Carlson, civil action no. 09-3070, 2010 WL 1576829 (D.Minn., April 20, 2010) (stating that challenge to the court's "de facto admiralty jurisdiction" and seeking the removal of "the de facto flag of war of the United States Corporation" is frivolous and warrants no further discussion); Minkin v. U.S., civil action no. 05-cv-1255, 2006 WL 1174318 (N.D.N.Y., May 3, 2006) (rejecting challenge to court's "admiralty/maritime jurisdiction" as "bordering on the absurd").

Next, Kitchens says that under the Supremacy Clause in the "generic Constitution for the united States" and the Seventh Amendment, he has a right to a jury trial, and so only a jury may decide to dismiss his case. However, the Seventh Amendment right to trial by jury does not insulate a party from the consequences of failing to prosecute or to obey an order of the Court. *See* Stanko v. Davis, 335 Fed.Appx. 744, 2009 WL 1784987 (10th Cir., June 24, 2009) (upholding dismissal for failure to prosecute in the face of a Seventh Amendment challenge); 3 Penny Theater Corp. v. Plitt Theaters, Inc., 812 F.2d 337, 340 (7th Cir. 1987) (no Seventh Amendment violation where district court properly uses its power to dismiss a case with prejudice for failure to prosecute). This contention is without merit.

Kitchens says that the only lawful jurisdiction in the case is under "common law," and not "vice admiralty, as signified by the U.S. battle flag with gold fringe and eagle on the flagpole currently displayed within your corporate de facto court." The "gold-fringed flag of war" argument has also been repeatedly rejected by every court to which it has been addressed. *See, e.g.*, U.S. v. Carpa, 271 F.3d 962, 964 (11th Cir. 2001) (claim that defendant was tried by a military tribunal rather than a U.S. Court because the flag in the courtroom had a gold fringe was "frivolous").

3

Next, Kitchens says that he has "lawfully exercised his remedy" under Public Law 73-10 by "redeeming his birth certificate bond" and "captured his straw man." Public Law 73-10, 48 Stat. 112 (1933) was enacted in 1933 and suspended the gold standard; Kitchens has not shown, nor does it appear from the record, that this law created remedies available to individuals.

Kitchens contends that lawyers or judges who act where they lack jurisdiction are engaged in "acts of treason." After arguing at some length that the people, not the Government, are sovereign, Kitchens argues that he is not a party or signatory to, nor is he named in, any statute, code, law, or rule, nor has he provided power of attorney to any government agent or employee to enter him into such compacts. His contention that he is thereby exempt from all laws except those to which he voluntarily assents is absurd. The Magistrate Judge properly determined that Kitchens failed to show good cause for his failure to comply with a court order, and correctly recommended that the lawsuit be dismissed without prejudice for this reason.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge (Docket no. 9) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. It is further

---

[1] The Court notes that Kitchens argues in his objections that the Court, as a "military tribunal exercising admiralty jurisdiction," lacks jurisdiction over his claims, which jurisdiction may only be exercised by a "constitutional common law court under the American flag of peace." Were this ludicrous argument somehow correct, the Court would lack jurisdiction over Kitchens' lawsuit, and would have to dismiss the case for that reason.

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of July, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**